HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORRIE ROBBINS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware Limited Liability Company, d/b/a COMCAST CORPORATION<br><br>        Defendant. | CASE NO. 3:19-cv-05603-RBL<br><br>ORDER ON MOTION TO REMAND<br><br>DKT. # 6 |

THIS MATTER is before the Court on Plaintiff Corrie Robbins's Motion to Remand. Dkt. # 6. Robbins sued her former employer, Defendant Comcast Corporation, for discrimination and retaliatory discharge. Robbins alleges that she suffered pervasive sexual harassment at work during 2017. She changed teams in 2018 and subsequently began working from home. However, this apparently caused more tension at her workplace and she was fired on August 21, 2018.

Citing RCW 49.60, Robbins alleges claims for "hostile work environment," "disparate treatment and impact," "unlawful retaliation," "actual discharge," "termination in violation of public policy," and "negligent infliction of emotional distress." Dkt. # 1-3 at 5-6. Robbins requests "such general and/or special damages as shall be established at time of trial . . . and for

such attorneys' fees, interest, costs, and such other and further relief as shall be allowed by law or deemed just and equitable." *Id*. at 6. The Amended Complaint was filed on June 12, 2019 and Comcast removed the case to federal court on July 1. Because the parties do not dispute diversity of citizenship, the only issue is whether Robbins's damages satisfy the amount in controversy requirement for federal jurisdiction.

"A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). Where the complaint does not specify the amount of damages sought, it is the removing defendant's burden to prove that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Courts strictly construe the removal statute against removal and resolve any doubts in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

"The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The court must first consider whether the amount in controversy is "facially apparently" from the complaint. *McDermott v. Life Inv'rs Ins. Co. of Am.*, No. C06-5344 RBL, 2006 WL 2668153, at *1 (W.D. Wash. Sept. 14, 2006). If it is not, "the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske*, 432 F.3d at 976, (quoting *Singer*, 116 F.3d at 377) (internal quotation omitted). Evidence of damages awarded in similar cases may be probative. *See Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d 1196, 1199 (D. Or. 2006). Post-removal admission by parties may also be considered. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006).

In discrimination cases, courts assess wage loss from the time of termination to removal. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). In addition, even if a trial date has not been set, the court may consider the fact that the plaintiff's lost wages will continue to increase. *Id.*; *see also McDermott*, 2006 WL 2668153, at *2 ("The Ninth Circuit's recent trend is to consider future damages in determining the amount in controversy."). Attorneys' fees likewise should be assessed based on what the court can reasonably anticipate at the time of removal. *Simmons*, 209 F. Supp. 2d at 1035; *Holstrom v. Safeco Ins. Co. of Illinois*, No. C12-0506-JCC, 2012 WL 13020035, at *2 (W.D. Wash. June 15, 2012); *but see Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *4 (N.D.Cal. Oct. 4, 1999) (holding that future attorneys' fees are too speculative to be considered).

Here, Comcast has demonstrated that the damages sought in this case more likely than not exceed $75,000. Comcast has provided evidence that Robbins had a pay rate of $52,284.96 per year when she was terminated. Dkt. # 14 at 1. Given that 314 days passed between Robbins's termination and the date of removal, the amount of wages lost at that time was roughly $45,000.00. Although the Court will not speculate about Robbins's amount of lost wages by the time of trial, it is reasonable to project that it will be more than $45,000; indeed, the amount has already increased by $5,400 since removal. While Robbins observes that she has an obligation to mitigate damages, she does not state that she has obtained new employment or offset her lost wages. Dkt. # 16 at 2. Although ambiguities are construed against removal, the Court will not speculate that Robbins has mitigated her damages when she has opted to evade the issue rather than clarify it. *See Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) ("Without some evidence of mitigation to disprove, it is sufficient for Defendant to present evidence of Plaintiff's salary at the time of his termination.").

In addition to lost wages exceeding $50,000, Comcast points out that Robbins seeks "general damages," which include emotional distress. *See Ellingson v. Spokane Mortg. Co.*, 19 Wash. App. 48, 50, 573 P.2d 389, 390 (1978) (holding that RCW 49.60.030(2) provides for emotional distress damages). Robbins's Amended Complaint indicates in multiple places that the sexual harassment and termination process caused her to periodically flee the office and suffer panic attacks. Dkt. # 1-3 at 3, 5. Comcast identifies multiple settlements and jury verdicts awarding hefty emotional distress damages in similar cases. *See, e.g., Sonya O'Brien v. City of Spokane*, 17 Id.Verd.Stlmnt.Rpts. 213, 2017 WL 4621853 (June 13, 2017); *Carrie Kuehn v. Seattle-King County Department of Public Health*, 02 N.W.P.I.Lit.Rpts. 194, 2002 WL 1773550 (March 28, 2002). Although it is difficult to predict an exact number, the cases presented by Comcast and the year of sexual harassment Robbins allegedly suffered convince the Court that the emotional distress damages in this case could be substantial.

Finally, RCW 49.60.030(2) also provides for reasonable attorneys' fees. Although there is no direct evidence of attorneys' fees up to this point, it is certain that they will at least add several thousand dollars to the amount in controversy, even if the case were to conclude tomorrow. This in combination with the lost wages and emotional distress satisfy the Court that the amount in controversy likely exceeds $75,000.

Robbins argues that Comcast's refusal to tender a $75,000 settlement offer indicates that they do not believe the case is worth that much. This argument is based on a July letter from Robbins's counsel, Thaddeus Martin, in which he requests that Comcast "officially offer $75,000 so that [he] can present this amount to [his] client for her reasonable consideration." Dkt. # 17, Ex. A; *see also* Dkt. # 15. But Comcast's decision not to attempt a settlement now has little bearing on their view of the potential damages if they lost. In any case, this letter does nothing to

establish Robbins's own estimation of her damages since it is possible she would have rejected a $75,000 offer anyway. Indeed, Robbins refused to stipulate that her case was worth less than $75,000 when Comcast asked her to do so. *See* Dkt. # 15. Robbins's arguments are therefore insufficient to warrant remand.

For the above reasons, Robbins's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated this 12th day of August, 2019.

Ronald B. Leighton
United States District Judge